IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Watson, ) | C/A No. 0:13-1292-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| William R. Byars, and Job H. Carmichael, Jr., ) | |
| *in their official capacities,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Russell Watson ("Watson"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motions to dismiss. (ECF Nos. 26, 45, & 50.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Watson of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 27 & 51.) Watson filed a response in opposition to Defendant Byars's motion (ECF No. 39), and Defendant Byars filed a reply (ECF No. 42). Also pending before the court is Watson's motion for a preliminary injunction. (ECF No. 21.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motions should be granted and Watson's motion should be denied.

**BACKGROUND**

Watson filed this action challenging a South Carolina Department of Corrections ("SCDC") policy which prohibits inmates in the special management unit ("SMU") from receiving any

publications from publishing companies and other organizations.  Watson seeks a declaration that his rights have been violated and an injunction requiring the defendants to "abolish" the policy.

## DISCUSSION

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints.  Id.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings



to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     First Amendment Claim**

Inmates retain their First Amendment rights in prison. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). In Turner v. Safley, 482 U.S. 78, 89 (1987), the United States Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." To meet this standard, the Turner Court identified four factors to consider: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials. Id. at 89-90. The Court also recognized that deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Id. at 89; see also In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 469 (4th Cir. 1999) ("Prison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").



Although Watson alleges that an SCDC policy which prohibits inmates in the SMU from receiving any publications from publishing companies and other organizations violates his First Amendment rights, the defendants' memoranda show that such a claim has been previously addressed and rejected by the courts.

In Beard v. Banks, 548 U.S. 521 (2006), the United States Supreme Court addressed a challenge to a similar prison policy denying newspapers, magazines, and photographs to "a group of specially dangerous and recalcitrant inmates" who were in a prison's long term segregation unit, id. at 525, and held that the prison's stated rationale of motivating better behavior and discouraging other inmates satisfied the Turner factors.  Beard, 548 U.S. at 531.  Moreover, other courts in this district have found that the policy at issue in this case does not violate an inmate's First Amendment rights.  See, e.g., Williams v. Ozmint, C/A No. 6:07-2409-DCN-WMC, 2008 WL 4372986 (D.S.C. Sept. 22, 2008), aff'd, 351 Fed. App'x 825 (4th Cir. 2009); Wiles v. Ozmint, C/A No. 0:05-2111-CMC-BM, 2006 WL 2260136 (D.S.C. Aug. 7, 2006).

Watson's arguments in opposition to dismissal rely on caselaw that, for the reasons stated in Defendant Byars's reply, is either insufficient to support his assertions or has been overruled.  (See Def.'s Reply to Pl.'s Mem. Opp'n Mot. to Dismiss, ECF No. 42.)  Accordingly, the defendants are entitled to dismissal of this claim.[1]

**C.    Defendant Carmichael**

To the extent Watson seeks injunctive relief against Defendant Carmichael for allegedly denying Watson's grievance regarding the SCDC policy at issue, such a claim fails. Prison inmates

---

[1] In light of this conclusion, Watson's motion for a preliminary injunction should also be denied.  (ECF No. 21.)



have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated.  See, e.g., Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (holding that inmates have no constitutional right to a grievance procedure); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994).  Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees.  See Mann, 855 F.2d at 640.  As a result, Defendant Carmichael's denial of Watson's grievance is not actionable under § 1983.

**D.     Other Claims**

To the extent that Watson is attempting to assert any other claims—including any claim alleging a violation of Watson's Fourteenth Amendment rights—his Complaint fails to state a plausible claim for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009).

### RECOMMENDATION

For the foregoing reasons, Watson is not entitled to the relief he seeks.  Accordingly, the court recommends that the defendants' motions to dismiss be granted (ECF Nos. 26, 45, & 50) and Watson's motion for a preliminary injunction be denied (ECF No. 21).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 9, 2014
Columbia, South Carolina


*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).